**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    21-30180 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00229-TOR-1 |
| v. | |
| BENJAMIN RODRIGUEZ, AKA Demon, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Benjamin Rodriguez appeals pro se from the district court's order denying

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  We have

jurisdiction under 28 U.S.C. § 1291.  "[W]e review § 3582(c)(1) sentence

reduction decisions for abuse of discretion," *United States v. Aruda*, 993 F.3d 797,

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Rodriguez's request for oral
argument is denied.

799 (9th Cir. 2021), and we affirm.

Rodriguez argues that the district court abused its discretion in concluding that his obesity, in combination with his other medical conditions, did not constitute an extraordinary and compelling reason for compassionate release. He further argues that the district court should not have treated his vaccination status as mitigating his risk from COVID-19 without first conducting an individualized analysis as to the protection the vaccine provides him. But the district court's findings that Rodriguez's conditions were being "treated or monitored," and that "[n]o acute conditions were noted," are grounded in the record. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion if its decision is illogical, implausible, or without support in the record). And, given "the deference we must afford the district court when it makes these discretionary decisions," we cannot conclude that the district court abused its discretion in its treatment of Rodriguez's vaccination status. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).[1]

Likewise, we cannot say that the district court abused its discretion by concluding that the 18 U.S.C. § 3553(a) factors did not support relief. It grounded

---

[1] To the extent that Rodriguez's briefs contain new factual allegations about his medical conditions, COVID-19 transmission within his facility, and the availability of booster doses, we do not consider such facts on appeal. Rodriguez remains free to raise such facts with the district court in any subsequent motion for compassionate release.

its analysis in the nature and circumstances of Rodriguez's offense, his criminal history, and the need to reflect the seriousness of the offense and protect the public, *see* 18 U.S.C. § 3553(a)(1)-(2), reasonably concluding that, even after consideration of "recent developments," the "totality of all the facts" supported the original sentence.

**AFFIRMED.**